UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>T. MICHAEL YUEN,<br><br>    Defendant. | Case No. 14-cv-04507-EMC<br><br>**ORDER OF DISMISSAL** |

## I.    INTRODUCTION

Michael B. Williams, currently in custody at the Coalinga State Hospital, filed this *pro se* civil rights action under 42 U.S.C. § 1983 and has applied to proceed *in forma pauperis*. The Court earlier denied Mr. Williams' *in forma pauperis* application, but the Ninth Circuit reversed, vacating the judgment and remanding the case. Mr. Williams' complaint is now before the Court for review pursuant to 28 U.S.C. § 1915.

## II.    BACKGROUND

Mr. Williams is in custody in connection with ongoing civil commitment proceedings under California's Sexually Violent Predators Act (SVPA), *see* Cal. Welf. & Inst. Code § 6600 et seq. Mr. Williams filed a petition for writ of habeas corpus to challenge his pretrial detention, which was denied on September 8, 2015. *See Williams v. King*, N. D. Cal. Case No. 14-1831 PJH. An appeal from the denial of the petition is pending. *See Williams v. King*, Ninth Cir. Case No. 15-17499. According to the most recent filing in the appeal, Mr. Williams remains a pretrial detainee awaiting the trial on the civil commitment petition. *See* Docket No. 4 at 6 in Ninth Cir. Case No. 15-17499.

In his complaint in this action, Mr. Williams sues the Clerk of the San Francisco County Superior Court for not accepting for filing documents Mr. Williams has attempted to file *pro per*

in his civil commitment case in which he is represented by counsel.[1]

His complaint alleges that he was represented by attorney Robert Amparan in the SVPA proceedings until on or about October 9, 2014. Docket No. 1 at 2-3. His complaint also alleges that, in December 2013, the trial court appointed attorney Michael Whelan to represent him in the SVPA proceedings. *Id.* at 3. His complaint does *not* allege that Mr. Williams applied to discharge his attorney and proceed *pro per*.

Attorney Amparan allegedly returned to Mr. Williams his *pro per* motion to dismiss the SVPA commitment petition that Mr. Williams had sent to the Clerk of the San Francisco County Superior Court for filing, and informed Mr. Williams that the Clerk had declined to file the *pro per* motion because Mr. Williams was represented by appointed counsel. *Id.* at 3. Mr. Williams allegedly again sent for filing a *pro per* motion to dismiss and attorney Amparan filed a motion to dismiss in March 2012. *Id.* The trial court denied "both Motions to Dismiss" on April 26, 2014. *Id.* Attorney Amparan withdrew from representation on October 9, 2014. *Id.*

After attorney Whelan was appointed to represent Mr. Williams in the SVPA proceedings, attorney Whelan declined to relitigate the motion to dismiss, although attorney Amparan allegedly had urged that the motion be relitigated; Whelan stated that he would not file any pretrial motions or habeas petition. *Id.*

On July 16, 2014, Mr. Williams sent for filing a *pro per* motion to disqualify the state court trial judge. *Id.* at 3-4. The Clerk "failed to respond to plaintiff's inquiries by mail, or by phone as to whether his office had acknowledged receipt of his motion, submitted by certified postage, or whether such said court motion had been filed at all." *Id.* at 4.

Mr. Williams alleges that the Clerk's "policies, and refusal to accept, and file plaintiff's *pro per* habeas petitions, motions and other [*pro per*] submitted court documents" may have violated his right of access to the courts and amounted to a suspension of the writ of habeas corpus. Mr. Williams requests declaratory relief, unspecified injunctive relief, and damages.

---

[1] California and federal courts use different terminology for unrepresented litigants. The term "*in propria persona,*" sometimes shortened to "*pro per*," is used to refer to an unrepresented litigant in California courts. The term "*pro se*" is used to refer to an unrepresented litigant in federal courts.

### III. **DISCUSSION**

When a plaintiff is proceeding *in forma pauperis*, the court may screen the complaint and dismiss the action if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

There is a constitutional right of access to the courts, for prisoners as well as persons involuntarily committed to a mental institution. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995). The provision of court-appointed counsel satisfies the government's obligation to provide meaningful access to the courts to a criminal defendant, *see United States v. Wilson,* 690 F.2d 1267, 1272 (9th Cir. 1983), and there is no reason for different treatment in this respect of a person facing civil commitment.

Here, counsel was provided to Mr. Williams in his SVPA commitment case, which is the only case in which he allegedly was not allowed to file documents *pro per*. The provision of court-appointed counsel to represent Mr. Williams in his civil commitment proceedings provided him meaningful access to the courts. Any action by the San Francisco County Superior Court that denied him the additional avenue of filing *pro per* briefs in the case in which the State had provided him court-appointed counsel did not result in a denial of Mr. Williams' constitutional right of access to the courts. *See Gross v. Norman*, 576 F. App'x 318, 320 (5th Cir. 2014) (jail officials' alleged destruction of *pro se* motions plaintiff was preparing in a case in which he was represented by counsel did not implicate his right of access to the courts because he could not file *pro se* motions while represented by counsel); *Pedro v. Sakai,* 72 F. App'x 698 (9th Cir. 2003) (district court properly dismissed § 1983 access-to-the-courts claim; "[a]lleging that the [state court] justices denied Pedro access to courts by ignoring his *pro se* filings when he was

1 represented by counsel does not state a claim for injunctive relief."). The complaint does not state
2 a claim upon which relief may be granted for denial of access to the court.

3 The San Francisco County Superior Court Clerk's alleged refusal to accept a *pro per* filing
4 from a litigant in a case in which that litigant was represented by counsel was not an unusual
5 event. The refusal to allow *pro se* filings from litigants represented by counsel is a widespread
6 practice in state and federal courts. *See, e.g., People v. Clark*, 3 Cal. 4th 41, 173 (Cal. 1992)
7 ("Motions and briefs of parties represented by counsel must be filed by such counsel," although
8 court will "accept and consider pro se motions regarding representation, including requests for
9 new counsel" that are "clearly labeled as such" and are "limited to matters concerning
10 representation."); *United States v. Mujahid*, 799 F.3d 1228, 1236 (9th Cir. 2015) (district court
11 acted within its discretion in declining to grant request made *pro se* by a litigant who was then
12 represented by counsel); *McCullough v. Graber*, 726 F.3d 1057, 1059 n.1 (9th Cir. 2013)
13 (declining to consider *pro se* letters from habeas petitioner because he was represented by
14 counsel); *Rosenblum v. Campbell*, 370 F. App'x 782 (9th Cir. 2010) (denying petitioner's motion
15 for leave to file a *pro se* supplemental brief; "[b]ecause [petitioner] is represented by counsel, only
16 counsel may submit filings.")

17 Mr. Williams suggests that he must be allowed to file documents *pro per* because his
18 court-appointed attorney was performing inadequately and Mr. Williams has accused that attorney
19 "in a separate on-going federal civil rights litigation of conspiring to unlawfully continue
20 plaintiff's indefinite hospital detention." Docket No. 1 at 4. Mr. Williams' contention that his
21 attorney was performing inadequately simply described the situation that likely exists in almost all
22 cases in which the represented litigant tries to file *pro se* documents -- the client does not think his
23 attorney is adequately presenting his case -- and does not show any reason to create an exception
24 to the general rule. Further, ordering the state court to accept his filings would be in the nature of
25 a writ of mandamus, yet the federal court has no authority to issue a writ of mandamus to a state
26 court.[2] With respect to Mr. Williams' assertion that he should be allowed to file documents *pro*

---

[2] The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any

4

*per* because he has accused that attorney of conspiring to keep him indefinitely detained, Mr. Williams erroneously states that there is ongoing litigation; in fact, the civil action to which Mr. Williams refers was *stayed* because "the claims alleged are so closely tied to the validity of the civil commitment proceedings now pending." Docket No. 14 at 3 in *Williams v. Whelan*, N.D. Cal. Case No. C 13-2723 EMC (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).

Mr. Williams also claims that the Clerk's refusal to file his *pro per* filings "would implicate an unconstitutional suspension of the [Writ] of Habeas Corpus under Art. I, Section 9, Clause 2 of the United States Constitution." Docket No. 1 at 8. Often referred to as the "Suspension Clause," Article I, Section 9, Clause 2, of the U.S. Constitution provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." The Suspension Clause does not apply to the States. *Gasquet v. Lapeyer*, 242 U.S. 367, 369 (1917) ("Section 9 of article 1, as has long been settled, is not restrictive of state, but only of national, action"). Because the Suspension Clause does not apply to the states, Mr. Williams' claim that a state court clerk's rejection of a filing implicates the Suspension Clause is meritless and must be dismissed.

Mr. Williams sued the Clerk in his individual and official capacities. Docket No.1 at 6. The claim against the Clerk in his official capacity as the Clerk of the San Francisco County Superior Court is considered an action against the State of California, and must be dismissed under the Eleventh Amendment. The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state, absent consent to the filing of such suit. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to suits

---

agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The federal mandamus statute only reaches *federal* officers and employees. "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966). A petition for a writ of federal mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991); *see also In re Campbell,* 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition).

1  against an arm of the state, such as a California superior court. *Simmons v. Sacramento Cnyt.*
2  *Super. Ct.,* 318 F.3d 1156, 1161 (9th Cir. 2003) (11th Amendment bars suit against state superior
3  court and its employees). Eleventh Amendment immunity also extends to state officials sued in
4  their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985). The Clerk of the
5  San Francisco County Superior Court is a state official and therefore is entitled to Eleventh
6  Amendment immunity with regard to the official-capacity claim.

7  The complaint is dismissed. Leave to amend will not be granted because it would be
8  futile. The access-to-the-court claim and the suspension-of-the-writ claim cannot be cured by
9  amendment. The Court will not grant leave to amend to give Mr. Williams an opportunity to
10 attempt to plead state law claims. (Although he did not plead any state law claims, he included an
11 allegation to invoke the Court's supplemental jurisdiction. Docket No. 1 at 6.) Having dismissed
12 the federal constitutional claims that gave the Court federal question jurisdiction, the Court
13 declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C.
14 § 1367(c)(3). Especially due to the fact that Mr. Williams' claims concern the operations of a
15 state superior court, his state law claims would best be heard in a state court.

### IV.   CONCLUSION

17 For the foregoing reasons, this action is dismissed for failure to state a claim upon which
18 relief may be granted. The Court declines to exercise supplemental jurisdiction over any state law
19 claims. The dismissal of this action is without prejudice to Mr. Williams filing an action in state
20 court to assert any state law claims.

21 Mr. Williams' *in forma pauperis* application is **GRANTED**. Docket No. 2.
22 The Clerk shall close the file.

24 **IT IS SO ORDERED**.

26 Dated: May 13, 2016

_____
EDWARD M. CHEN
United States District Judge

6